U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 7 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TROY L. BISHOP, PRO SE,<br>A.K.A. TROY LYNN BISHOP,<br>TDCJ-CID No. 688987, | § <br> § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:06-CV-0167 |
| Dr. DAVID KARNEY,<br>Ms. SCOTT, and<br>MIKE ROWLAND, | § <br> § <br> § <br> § | |
| Defendants. | § <br> § | |

## MEMORANDUM OPINION,
### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
### BY DEFENDANTS SCOTT AND ROWLAND, AND ORDER OF DISMISSAL

On this day came for consideration the May 1, 2009 motion for summary judgment filed by defendants SCOTT and ROWLAND. Plaintiff filed his response and supporting documents on June 25, 2009.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, filed the instant cause while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, pursuant to Title 42, United States Code, section 1983, complaining against defendants KARNEY, SCOTT, and a Mr. ROLLINGS. Subsequently, MIKE ROWLAND was substituted for Mr. ROLLINGS.

By his August 10, 2006 Amended Complaint, plaintiff alleges, in relevant part that on February 2, 2005, defendant SCOTT confiscated four of his self-help legal books because she had read plaintiff's legal material and discovered plaintiff had named her friends and co-workers in a lawsuit for which he was trying to file a timely appeal. Lastly, plaintiff alleges that, on February 4, 2005, defendant ROWLAND "ordered chemical agents to be sprayed onto plaintiff and without any reasonable cause, and unprovoked . . . . because plaintiff had filed a previous lawsuit" and a recent step one grievance.

Plaintiff requests an award of $10,000.00 compensatory damages from each defendant individually, an award of $10,000.00 punitive damages from each defendant individually, costs, and attorney's fees.

## UNDISPUTED FACTS

Plaintiff was a prisoner confined in the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at all times relevant to this lawsuit. At all times relevant to this cause, defendants ROWLAND and SCOTT were employed with the Texas Department of Criminal Justice. The Texas Department of Criminal Justice is an agency of the State of Texas. At all times relevant to this cause, defendants ROWLAND and SCOTT were acting under color of state law. Plaintiff BISHOP and defendant ROWLAND were participants in a major use of force involving chemical agents on February 4, 2005. Some[1] books were confiscated from plaintiff BISHOP and the confiscation was documented by defendant SCOTT on or about February 1, 2005.

## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Because the consequences of summary judgment are so severe, the court must be careful to avoid premature termination of legitimate lawsuits merely because of unskilled presentations.

---

[1] Any dispute concerning whether the number of books confiscated was three or four is not material to the outcome of this case.

*Murrell v. Bennett*, 615 F.2d 306 (5th Cir. 1980). In determining a movant's request for summary judgment, all reasonable inferences must be made in favor of the party opposing the motion. *Phillip's Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Upon such a showing, the burden of production shifts to the nonmovant to delineate specific facts which demonstrate the presence of a genuine issue of material fact. *Id.*; *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992). A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

### THE STANDARD OF SUMMARY JUDGMENT REVIEW
### UPON A PLEA OF QUALIFIED IMMUNITY

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

The second prong of the qualified immunity test is whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998). Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question. *Id.* (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

In deciding which of the two prongs to address first, the court may utilize its sound discretion in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, ___ U.S. ____, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

## THE LAW AND ANALYSIS

The elements of a retaliation claim are: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Prison officials are prohibited from retaliating against inmates for complaints of prison conditions or official misconduct. *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.1986). Nevertheless, to succeed, a plaintiff must do more than point to the existence of a generic First Amendment right. He must also establish that he exercised that right in a manner consistent with his status as a prisoner. *Freeman v. Texas Dept. of Criminal Justice*, 369 F.3d 854 (5th Cir. 2004).

### Defendant ROWLAND

At the April 19, 2009, hearing conducted in this cause, plaintiff stated, under oath, that he refused to submit to a strip search incident to removal to another cell because he felt there was no reason to move him to another cell. Plaintiff said he felt it was all harassment. He stated that,

4

when he refused to follow the order, he was gassed.  He said he then submitted to the strip search and was then taken to his new cell where there were no lights[2].

By his June 25, 2009 summary judgment response entitled "Declaration in Opposition to Defendant Rowland's Motion for Summary Judgment," plaintiff presents statements under penalty of perjury stating he, himself, requested the cell move on February 2, 2005, to the ground floor in compliance with his medical restrictions. [Plaintiff's Declaration at pp.5-6, par. 17]. Plaintiff further states defendant ROWLAND first appeared at plaintiff's cell with the use of force team.  [Plaintiff's Declaration at p.3, par. 8].  He says ROWLAND told him he was being moved because plaintiff had filed a lawsuit against ROWLAND's friends and threatened to kill him if he didn't drop the pen he was writing with and drop the lawsuit.  [Plaintiff's Declaration at p.3, par. 8].  Plaintiff states he was frightened by ROWLAND's threats and put his mattress over the cell door, refusing an order to put it down; but, when plaintiff peeked around the mattress, the chemical agent was sprayed into plaintiff's cell.  [Plaintiff's Declaration at p.6, par. 17].  Plaintiff then complied with orders and was taken to his new cell.  [Plaintiff's Declaration at p.3, par. 9].

The Major Use of Force Report submitted by defendant ROWLAND shows plaintiff refused an order to move from to E 1 cell, where he would be on 1 row, in compliance with his restriction. [Defendants' Appendix at p. 54].  Further, by his sworn Affidavit, defendant avers he was informed by Sergeant Satterfield that plaintiff was refusing to comply with a cell move. [Defendants' Appendix at p.1].  Plaintiff does not refute this except to state under penalty of perjury, contrary to his statements at the April 9, 2009 hearing, that he was not ordered to comply with a cell change or to submit to a strip search.  The Court notes also, that, in his August 10, 2006 Amended Complaint, submitted under penalty of perjury, plaintiff states defendant ROWLAND ordered him to pack his belongings because he was being moved to another cell. [Plaintiff's August 10, 2006 Amended Complaint at p. 4-A-8, par. 17).  The Use of Force Team

---

[2]April 9, 2009 hearing at 3:20:40 to 3:21:15 and at 3:33:28 to 3:33:36.

was assembled, headed by defendant ROWLAND who ordered the use of the chemical agent. [Defendant's Appendix at p. 54].

Contemporary standards of decency are always violated when force is used by prison officials maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)(citing *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986)). This is true regardless of whether a significant injury is evident.

In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)). To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of serious injury is relevant to this inquiry, but does not constitute its entirety. *Id*. 503 U.S. at 7, 112 S.Ct. at 999.

The evidence of record, and most especially plaintiff's own allegations and sworn statements submitted in response to defendants' summary judgment motion show plaintiff refused an order to remove the mattress from his cell window. Further, he states he was refusing to cooperate in a scheduled cell move. At that point, some force was justified to restore discipline and enforce plaintiff's compliance with the cell move. Despite any threats he may have uttered, defendant ROWLAND utilized the least force available to him, a single spray of chemical agent. Thus, the use of force alleged against defendant ROWLAND was justified and did not constitute an excessive use of force in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).

Plaintiff claims the use of force was retaliatory, but his own allegations show some force was necessary and only the minimum amount of force was used. A justified use of force which consists of no more force than reasonably necessary is not retaliatory. Otherwise, retaliation claims would effectively prevent prison officials from maintaining necessary security, order, and discipline.

The Court further notes plaintiff does not allege, and there is absolutely no evidence suggesting, defendant ROWLAND initiated the order for the cell change or chose the cell to which plaintiff was assigned. In fact, it is clear the cell change was triggered by plaintiff's own request. Despite plaintiff's contention that the cell change was "all harassment[3]" and designed to interfere with his filing of an appeal in his earlier suit, plaintiff does not identify or sue any defendant in connection with the cell change or cell assignment or offer any allegation and proof of a conspiracy between such person or persons and defendant ROWLAND. As plaintiff's sworn statements show, ROWLAND did not appear on the scene until the Use of Force Team had been assembled and he departed as soon as plaintiff had been transferred to his new cell. Thus, plaintiff has failed to sustain his burden of proof on the element of a retaliatory adverse act and on the element of causation.

**Defendant SCOTT**

By his June 25, 2009 summary judgment response entitled "Declaration in Opposition to Defendant Rowland's Motion for Summary Judgment," plaintiff presents statements under penalty of perjury stating he arrived at the Clements Unit on February 1, 2005 and, because he was in a mental health treatment program called Step Down, he was not allowed to keep any property except a spoon and his I.D. holder. [Plaintiff's Declaration at p.2, par. 5]. He states his remaining property was kept and inventoried by defendant SCOTT. [Plaintiff's Declaration at p.2, par. 5]. Plaintiff states the next day, defendant SCOTT confiscated four books, listing the

---

[3]April 9, 2009 hearing at 3:20:57.

7

following reasons on the "Disposition of Confiscated Offender property" form: "3 books taped covers, 1 book with another offenders [sic] name and number scratched out." [Plaintiff's Declaration at p.2, par. 6].

Plaintiff alleges defendant SCOTT told him she had read his legal papers, knew he had sued some friends of hers and that she had his best books, knowing he had a deadline to have his appeal filed. The lawsuit to which plaintiff refers is cause no. 2:02-CV-0202, dismissed January 11, 2005 as frivolous and for failure to state a claim. The dismissal was affirmed on appeal July 6, 2006.

To prove his claim of retaliation, plaintiff must first identify a specific constitutional right, the exercise of which triggered the claimed retaliatory act. Access to the courts encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). To prevail, plaintiff must prove he engaged in "constitutionally protected litigation activity," was denied mental health care, and "that such action was taken 'in an effort to chill [his] access to courts or to punish [him] for having brought suit.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)(quoting *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S.Ct. 312, 130 L.#d.2d 275 (1994). "[N]either any frivolous filings nor secondary litigation activity . . . may comprise the basis of a retaliation claim." *Id.* at 311.

Further, "[b]ecause it is the prisoner who bears the burden of proving a constitutional violation it is the prisoner who must demonstrate the protected character, including non-frivolity, of prior lawsuits in which he was involved." *Johnson v. Rodriguez* at 311 n.16.

Cause no. 2:02-CV-0202 against Dr. Orr, other medical and psychiatric caregivers, as well as security staff, this lawsuit was dismissed January 11, 2005 <u>as frivolous</u> and for failure to state a claim. That dismissal was affirmed on appeal July 6, 2006. The right to file a frivolous

8

lawsuit is not constitutionally protected and does not provide a basis to support plaintiff's claim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997). Therefore, plaintiff has failed to adduce proof to satisfy the first element of his retaliation claim and defendant SCOTT is entitled to judgment as a matter of law.

As to plaintiff's claim that defendant SCOTT utilized the wrong form or did not have another officer witness her inventory of plaintiff's property and destruction of plaintiff's books, the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, to the extent plaintiff is attempting to allege an access to courts claim[4] against either or both of defendants SCOTT and ROWLAND with respect to his cause no. 2:02-CV-0202, the Court notes plaintiff timely filed his Notice of Appeal on February 1, 2005 and his appellate brief on March 22, 2005. Further, plaintiff has not alleged, much less proven, he suffered any actual injury stemming from the complained-of conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

---

[4]See Plaintiff's June 25, 2009 Declaration in Opposition to Defendant Lt. Rowland's Motion for Summary Judgment at p. 10, par. 7.

## CONCLUSION

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of plaintiff, defendants SCOTT and ROWLAND have shown there is no material issue of disputed fact which precludes entry of summary judgment in the instant cause and they are entitled to judgment as a matter of law.

The motion for summary judgment filed by defendants SCOTT and ROWLAND should be and hereby is GRANTED.  Federal Rule of Civil Procedure 56(c).

IT IS THEREFORE ORDERED that plaintiff's claims against defendants SCOTT and ROWLAND are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS SO ORDERED.

ENTERED this _____ day of September, 2009.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

10